**IMG-269**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3040
_____

YUN EN LIN,
            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
            Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A096 030 566
Immigration Judge:  Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 28, 2010

Before: FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: July 29, 2010)
_____

OPINION
_____

PER CURIAM

       Yun En Lin petitions for review of an order of the Board of Immigration Appeals

("BIA"), which dismissed her appeal of an Immigration Judge's ("IJ") final removal

order.  We will deny the petition for review.

Lin entered the United States in January 2004 without inspection. In removal proceedings, she applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"). Lin alleged that she was persecuted in China as a member of a "family" Christian church. Five or six police officers broke up a worship service in May 2003 and began to rip up Bibles. When she tried to stop them, one officer slapped her in the face, causing her to bleed, and one officer kicked her in the abdomen, causing her to lose consciousness. A.R. 167-70. She awoke in a clinic, where she was treated and released. She consulted another doctor the next day who gave her some pain medication. A.R. 173. In June 2003, Lin saw the police officer who had slapped her on the street and she asked him why he didn't arrest people who commit crimes instead of beating up good people. A.R. 182. The police officer then came over and tried to arrest her, but she ran away to a friend's house. A.R. 184. She stayed with her friend for four or five days and then went to another friend's house. She telephoned her mother the day after she ran, and learned that the police had come to her mother's home and had broken some furniture and had intended to arrest her. A.R. 185. After she left China, the police did not return to her home. A.R. 189-90. Her mother continues to attend the same church and she is unaware of her mother being persecuted. A.R. 228.

The IJ found that Lin was not credible, but that even if she were credible, she had not established eligibility for relief. The BIA did not sustain the IJ's adverse credibility

2

finding, but adopted and affirmed the IJ's alternate conclusion that Lin had not met her burden of proving a well-founded fear of persecution on account of a protected ground. A.R. 2. The BIA also agreed that Lin had not demonstrated that it was more likely than not that she would be tortured upon her return to China.

Lin filed a timely petition for review. Lin argues that the IJ erred in failing to find that Lin experienced past persecution; that the IJ and BIA erred in analyzing whether Lin had a well-founded fear of persecution; that she was deprived of her due process rights; and that the IJ erred by failing to take into consideration country condition materials and other corroborative evidence.

An applicant may demonstrate eligibility for asylum by showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See INA § 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A)]. We use a substantial evidence standard to review factual findings, Tarrawally v. Ashcroft, 338 F.3d 180, 184 (3d Cir. 2003), including findings concerning an applicant's past persecution or "well-founded fear of future persecution," Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Under the substantial evidence standard, findings are upheld "unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir.

2001). We review legal conclusions of the IJ or BIA de novo.[1] See Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007).

The record does not compel the conclusion that the incidents Lin recounted (being slapped and kicked once, running from the police, and having family furniture broken) rise to the level of "persecution." Significantly, "persecution connotes extreme behavior, including threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir. 2003) (quotations omitted). It "does not include all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Id. (quotation omitted); see also Wong v. Att'y Gen., 539 F. 3d 225, 236 (3d Cir. 2008) (observing that "harassment and discrimination do not constitute persecution"). We further agree with the BIA that the record does not reflect that it is more likely than not that Lin would face future persecution in China on account of her religion, particularly since her mother continues to attend the same church without problems. Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (reasonableness of petitioner's well-founded fear diminished where family members remain in native country without harm).

We agree with the Government's argument that Lin failed to exhaust administrative remedies regarding her due process argument. She contends her rights

---

[1] We review the final order of the BIA, but to the extent that the BIA adopts parts of the IJ's opinion, we review the IJ's opinion to determine whether the BIA's decision to defer to the IJ was appropriate. Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir. 2005).

4

were violated because the IJ did not ask her to explain why she might be persecuted while her mother was not. As this argument was not raised in her brief to the BIA, we lack jurisdiction to consider it. 8 U.S.C. § 1252(d)(1).[2] We also reject Lin's argument that the BIA failed to consider the record evidence in considering her fear of future persecution, as she does not point to any particular evidence that was overlooked.

Because Lin cannot satisfy the asylum standard, she cannot satisfy the more difficult withholding of removal standard. See Zubeda v. Ashcroft, 333 F.3d 463, 469-70 (3d Cir. 2003).[3] For the above reasons, we will deny the petition for review.

---

[2] In any event, Lin has not indicated what that explanation would be.

[3] Lin has waived any challenge to her claim that she warrants protection under the CAT as she did not raise any arguments regarding her CAT claim in her opening brief. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).